**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

MARCOS MARTINEZ and                          )
STEPHANIE MARTINEZ, on behalf of             )
herself and her minor children, A.M.M.,      )
A.I.M., and E.A.M.,                          )
                                             )
      Plaintiffs;                            )
                                             )
v.                                           )          CIV. A. NO. 1:18-cv-354-HSO-JCG
                                             )
HANCOCK COUNTY, MISSISSIPPI,                 )
MILTON ARIC LATSCHAR, in his                 )
individual capacity, ABE LONG, in his        )
individual capacity, WILLIAM                 )
COVINGTON, in his individual capacity,       )
REGINALD FOWLER, in his individual capacity, )
                                             )
      Defendants.                            )

## JOINT MOTION FOR STAY AND QUALIFIED IMMUNITY DISCOVERY SCHEDULING ORDER

1.     Plaintiffs, Marcos Martinez and Stephanie Martinez, on behalf of herself and her minor children, A.M.M., A.I.M., and E.A.M., and Defendants, Hancock County, Milton Aric Latschar, Abe Long, William Covington, and Reginald Fowler, by and through counsel, move this Court for a stay and scheduling order for discovery relating to qualified immunity.

2.     Plaintiffs filed the Complaint in this case against Defendants Hancock County, Milton Aric Latschar, Abe Long, William Covington, John Doe #1 and John Doe #2 on November 7, 2018. (ECF No. 1.) Defendants filed an Answer on December 3, 2018, which raised qualified immunity as an affirmative defense to allegations against Defendants Latschar, Long and Covington. (ECF No. 6 at 2.) On December 20, 2018, the Court entered a Rule 16(a) Initial Order setting a telephonic case management conference for February 7, 2019. Fed. R. Civ. P. 16(a). The Court ordered the parties to confer regarding all matters set forth in Local Rule

1

26(f) at least 21 days prior to the conference (i.e., by January 17, 2019). On December 21, 2018, Plaintiffs filed the First Amended Complaint, which replaced Defendants John Doe #1 and John Doe #2 with Defendant Reginald Fowler. (ECF No. 14.) On January 9, 2019, Defendants filed an Answer to Plaintiffs' First Amended Complaint, which raised qualified immunity as a defense to the allegations against Defendants Latschar, Long, Covington and Fowler. (ECF No. 16 at 2.)

3.      Because Defendants have raised qualified immunity as an affirmative defense, the parties agree that it is appropriate to stay proceedings except for discovery and briefing on the issue of qualified immunity. *See* L.U. Civ. R. 16(b)(3)(B). The parties request that the Court enter a scheduling order governing discovery and briefing on qualified immunity. *See Handshaw v. Hillard*, No. 1:14-cv-00304-JCG (S.D. Miss. Dec. 18, 2014) (entering scheduling order allowing the parties to conduct discovery relating to qualified immunity, and setting a deadline for dispositive motions on qualified immunity, while staying all other proceedings); *Craven v. Perry Cty.*, No. 2:12-CV-99-KS-MTP, 2012 WL 3582666 (S.D. Miss. Aug. 17, 2012) (allowing parties to conduct discovery relating to qualified immunity and setting deadlines for that discovery and for the filing of a dispositive motion based on qualified immunity).

4.      Plaintiffs and Defendants respectfully request this Court to allow 120 days from entry of the Court's Order for the parties to conduct discovery relating to qualified immunity in the form of depositions, interrogatories, requests for production of documents, and requests for admissions, pursuant to the Federal Rules of Civil Procedure.

5.      Upon completion of immunity-related discovery, the parties should be granted an additional 30 days to submit motions related to qualified immunity.

6.      This proposed procedure will allow the Court to have the benefit of the information and evidence obtained in discovery in deciding the immunity issues in this case.

7.      Plaintiffs and Defendants therefore respectfully request that the Court stay proceedings in this case but allow for discovery and briefing on the issue of qualified immunity. The parties request that the Court allow 120 days from entry of the Court's Order to conduct immunity-related discovery, and that upon completion of immunity-related discovery, the Court allow an additional 30 days for the parties to submit any motions relating to qualified immunity.

Dated: January 10, 2019

s/ Bryan Lopez
Bryan Lopez*
California Bar No. 306158
Southern Poverty Law Center
201 Saint Charles Ave., Suite 2000
New Orleans, LA 70170
(504) 486-8982 (phone)
(504) 486-8947 (fax)
bryan.lopez@splcenter.org
*Admitted Pro Hac Vice

s/William R. Allen
William Robert Allen
Miss. Bar No.  100541
ALLEN, ALLEN, BREELAND & ALLEN, PLLC
P.O. Box 751
214 Justice Street (39601)
Brookhaven, MS 39602-0751
(601) 833-4361 (phone)
(601) 833-6647 (fax)
will.allen@aabalegal.com

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on January 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide service to the following:

            William Robert Allen
            P.O. Box 751
            214 Justice Street (39601)
            Brookhaven, MS 39602-0751
            (601) 833-4361 (phone)
            (601) 833-6647 (fax)
            will.allen@aabalegal.com

                               /s/ Bryan Lopez